

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

UNITED STATES OF AMERICA,

                Plaintiff(s),
    v.

J. GUADALUPE HERNANDEZ,

                Defendant(s).
───────────────────────────────

REPORT AND
RECOMMENDATION
11-cr-6161

### Preliminary Statement

By Order of Judge David G. Larimer dated September 22, 2011, all pretrial motions have been referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket # 26). Pending before the Court is defendant J. Guadalupe Hernandez's motion to dismiss the indictment pursuant to 18 U.S.C. §§ 3161(b) and 3162(a)(1). (Docket # 32). The Government has submitted a responding brief in opposition. (Docket # 35). On January 3, 2012, a hearing was held and arguments were heard from the parties on defendant's motion to dismiss. The Court reserved its decision. The following is my Report and Recommendation as to defendant's motion to dismiss.

### Factual Background

Defendant Hernandez moves to dismiss the indictment pursuant to 18 U.S.C. § 3162(a)(1) because the Government failed to indict or file an information within thirty days of Hernandez's arrest as required by 18 U.S.C. § 3161(b). The government concedes that it violated the Speedy Trial Act by not indicting Hernandez within thirty days, but argues that the dismissal should be without

prejudice. Because the parties agree that the Speedy Trial Act has been violated, it is my Report and Recommendation that the indictment currently pending against Hernandez be dismissed. The only remaining issue is whether the dismissal should be with or without prejudice.

## Discussion

The Speedy Trial Act itself sets forth factors the Court must consider in making the determination as to whether the dismissal should be with or without prejudice. Section 3162(a)(2) of Title 18 provides that "[i]n determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2). These statutory factors are not exclusive and the Supreme Court has also directed courts to consider any prejudice suffered by the defendant as a result of the delay. United States v. Taylor, 487 U.S. 326, 334 (1988). In the end, however, the trial court has "considerable discretion" in making the with or without prejudice determination. United States v. Kiszewski, 877 F.2d 210, 213 (2d Cir. 1989).

Turning to the statutory factors, the Court first considers the seriousness of the offense. "When an indictment charges a serious offense, a court is more likely to rule in favor of a dismissal without prejudice." United States v. Zedner, No.

2

96-CR-285 TCP, 2006 WL 3050888, at *3 (E.D.Y. Oct. 13, 2006)). "[C]ourts within this Circuit have concluded that the Section 3161(a)(1) seriousness factor ordinarily focuses solely on the charge rather than, e.g., the strength of the government's case or the likely outcome of the proceedings." When determining the seriousness of the offense, courts focus "solely on the charge rather than, e.g., the strength of the government's case or the likely outcome of the proceedings." United States v. Munlyn, 607 F.Supp.2d 394, 398 (E.D.N.Y. 2009)(internal quotation and citation omitted). Here, Hernandez is charged with three felony counts of harboring an illegal alien in violation of 8 U.S.C. § 1324(a)(1)(A)(iii). See Docket # 25. Hernandez argues that the charged crimes "are non-violent in nature" and there are no allegations "that the employees were mistreated or coerced in any way," While there are certainly crimes one would consider more serious than harboring illegal aliens, I find the felony charges Hernandez faces to be sufficiently serious as to require further consideration of relevant factors. Indeed, because it is alleged that Hernandez committed the offenses for "commercial advantage and private financial gain", he faces an enhanced penalty of up to ten years incarceration as to each count. The enhanced potential penalty itself suggests that the prohibited conduct is serious. See United States v. Salgado-Hernandez, 790 F.2d 1265, 1268 (9th Cir. 1986)(transportation of illegal aliens is "serious offense" for purposes of Speedy Trial Act); United States v. Hawthorne, 705 F.2d 258, 260 (7th Cir. 1983) (unlawful possession of stolen

3

government checks, punishable by five years' imprisonment, considered to be serious for purposes of the Speedy Trial Act). But see United States v. Caparella, 716 F.2d 976, 980 (2d Cir. 1983) (Mail theft, "as the lowest order of felony," should not be deemed "serious" for purposes of Speedy Trial Act).

Next the Court considers the facts and circumstances the led to the delay. In this analysis the court should consider the role played by the Government and the defendant in causing the speedy trial violation and assess responsibility for the delay. See, e.g., Taylor, 487 U.S. at 338-40. The record before the Court confirms that the delay in indicting Hernandez was because the parties were in the process of trying to negotiating a plea. When the parties appeared before the Court for a final status conference on July 7, 2011, counsel informed the Court that plea negotiations were active and ongoing. The continuing nature of the plea negotiations was confirmed by the fact that on August 30, 2111, defense counsel wrote the government and stated that his client would not plead to the proposed felony but "would like to plead to a misdemeanor." See Exhibit "A" annexed to Docket #35 (filed under seal). Ultimately the parties could not agree on a mutually acceptable plea disposition, but there simply is no evidence that the delay in indicting the defendant was the result of bad faith or the government attempting to gain some sort of tactical advantage. The length of the delay also does not weigh in favor of dismissal with prejudice. I agree with the government's calculations that the thirty day clock expired on August 6, 2011 and that the indictment

4

against Hernandez was returned 45 days later, on September 20, 2011 While not insignificant, the seriousness of the 45 day delay is tempered by the fact that during this time the parties were actively negotiating a resolution of the charges by a plea bargain. The government was not neglecting the prosecution and had the negotiations been successful there would have been no need to present the case to the grand jury. See, e.g., United States v. Wilson, 11 F.3d 346, 352-53 (2d Cir. 1993)(holding that dismissal with prejudice was unwarranted where the unexcused delay was forty-two days and "the prosecutors assigned to the case had not exhibited a lackadaisical attitude toward the Speedy Trial Act, nor had the United States Attorney's office exhibited a pattern of neglect that would justify dismissal with prejudice"); United States v. Mora, No. 04 CR. 00530(LAP), 2005 WL 1354042, at *4-5 (S.D.N.Y. June 7, 2005)(finding that delay of 65 days did not favor dismissal with prejudice because the Court did "not find that the delay was the result of bad faith on the part of the Assistant U.S. Attorney or a patter of neglect in the U.S. Attorney's Office").

The Court must also consider the impact of reprosecution on the administration of justice. As stated above, there is no evidence that this case "is part of a pattern of disregard for speedy trial rights" of defendants in this district. See United States v. Giambrone, 920 F.2d 176, 180 (2d Cir. 1990). In this court's experience, the government has consistently demonstrated adherence to the requirements of the Speedy Trial Act and the violation here is an aberration.

5

Finally, the Court considers the prejudice suffered by the defendant, if any, as a result of the delay. The following factors are relevant to the prejudice inquiry: (1) prevention of oppressive pretrial incarceration; (2) alleviation of anxiety suffered by the accused; and (3) prevention of an impaired defense. See Barker v. Wingo, 407 U.S. 514, 532 (1972). Hernandez has not been in custody since his arrest and has been released without pretrial supervision throughout the pendency of this case. Thus, the delay has not created a needless term of pre-trial incarceration. With respect to the second factor, the defendant has made no showing that the delay exacerbated any anxiety he suffered with respect to the pending charges. Finally, with respect to the third factor, the defendant has not asserted nor set forth any evidence that the delay will prevent him from preparing a viable defense to the crimes charged in this case. Therefore, I find that any prejudice suffered by the defendant as a result of the delay is minimal.

Accordingly, after carefully weighing all of the relevant factors, it is my Report and Recommendation that the pending indictment against Hernandez be dismissed without prejudice. See United States v. Cortinas, 785 F. Supp. 357, 361-62 (E.D.N.Y. 1992) ("[C]oncern for administration of the Act cannot justify dismissal with prejudice if: the offense is serious; the delay is short; there is no evidence of bad faith or a pattern of neglect by the government; and the defendant has not demonstrated prejudice.").

## Conclusion

For the foregoing reasons, it is my Report and Recommendation that defendant's motion to dismiss the indictment be granted, but that the dismissal be <u>without prejudice</u> pursuant to 18 U.S.C. § 3162(a)(2).

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:      February 7, 2012
            Rochester, New York

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).[1]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

SO ORDERED.

_____
Jonathan W. Feldman
United States Magistrate Judge

Dated:    February 7, 2012
          Rochester, New York

---

[1]   Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(f) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).